09-3222-cv(L), 09-3377-cv(XAP)
*Kelso Enterprises Limited v. M/V Diadema*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the federal appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand ten.

PRESENT:
> JOHN M. WALKER, JR.,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

―――――――――――――――――――――――――――――

KELSO ENTERPRISES LIMITED, PACIFIC FRUIT LIMITED,
> *Plaintiffs-Appellees-Cross-Appellants*,

-v.-                                                    Nos. 09-3222-cv(L),
                                                        09-3377-cv(XAP)

A.P. MOLLER-MAERSK A/S, MAERSK LINE,
MAERSK DEL ECUADOR C.A.,
> *Defendants-Appellants-Cross-Appellees*,

M/V DIADEMA, her engines, boilers, etc., M/V ROTTERDAM,
her engines, boilers, etc., CW SCHIFFAHRTS GMBH & CO KG,
JMS SCHIFFAHRTSGES MBH & CO KG MS "Antares J,"
SEASON CORP., in personam,
> *Defendants*,

M/V MARYSTON, her engines, boilers, etc.,
> *Defendant-In-Rem.*

―――――――――――――――――――――――――――――

John R. Keough, III (Peter C. Dee, *on the brief*), Waesche, Sheinbaum & O'Regan, P.C., New York, NY, *for* Plaintiffs-Appellees-Cross-Appellants.

James L. Ross (Manuel A. Molina, *on the brief*), Freehill Hogan & Mahar LLP, New York, NY, *for* Defendants-Appellants-Cross-Appellees.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Defendants-Appellants-Cross-Appellees A.P Moller-Maersk A/S, Maersk Line, and Maersk Del Ecuador C.A. ("Maersk") appeal from a June 3, 2009, order of the United States District Court for the Southern District of New York (Scheindlin, *J.*) insofar as it granted the motion of Plaintiffs-Appellees-Cross-Appellants Kelso Enterprises Limited and Pacific Fruit Limited ("Kelso") to compel arbitration. Maersk argues that the scope of the arbitration provision does not encompass actions for damage to cargo like the one at hand. Kelso cross-appeals from the same order insofar as it granted Maersk's motion to dismiss on the grounds of improper venue, arguing that, in granting the improper venue motion, the court decided a choice of law question that should have been left to arbitration. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

We review *de novo* both the granting of a motion to compel arbitration and the granting of a motion to dismiss on the ground of improper venue due to a forum selection clause. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007) (improper venue); *Abram Landau Real Estate v. Bevona*, 123 F.3d 69, 72 (2d Cir. 1997) (compelling arbitration).

Generally, when interpreting a contract or multiple contracts in a transaction, we strive to give effect to all of the terms of the relevant documents, reading them together.

*Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 111 (2d Cir. 2008). If there is an inconsistency between two provisions, however, specific language will prevail over more general language. *ABN Amro Verzekeringen BV v. Geologistics Ams., Inc.*, 485 F.3d 85, 102 (2d Cir. 2007). Moreover, "[r]eview of arbitrability questions is subject to [an] important presumption[]: . . . 'the federal policy in favor of arbitration requires that "any doubts concerning the scope of arbitrable issues" be resolved in favor of arbitration.'" *Telenor Mobile Comm'cns AS v. Storm LLC*, 584 F.3d 396, 406 (2d Cir. 2009) (quoting *Shaw Group Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 120 (2d Cir. 2003) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983))).

We agree with the district court that Clause 7 of the service contract, which governs conflicts between the service contract and the bill of lading, is ambiguous on its face. The second sentence of the clause states that the arbitration provision, found in the service contract, cannot be overridden by the bill of lading, while the third sentence of the clause requires that "in the event any provision in [Maersk's] bill of lading which limits or governs its liability for damages to persons or property (including cargo) . . . is . . . in conflict with the Contract, the bill of lading shall prevail." Maersk contends that this third sentence carves out an exception under which the bill of lading provisions control in cargo damage cases, but this does not accord with the text of the clause. The clause is not conditioned on the type of case, but rather on whether a provision in the bill of lading "which limits or governs [Maersk's] liability for damages to persons or property" is in conflict with the service contract.

Given the ambiguity in Clause 7, we rely, as the district court did, on the presumption of arbitrability. "[T]he existence of a broad agreement to arbitrate creates a

presumption of arbitrability which is only overcome if it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the dispute." *Bank Julius Baer & Co. v. Waxfield Ltd.*, 424 F.3d 278, 284 (2d Cir. 2005) (quoting *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 72 (2d Cir. 1997) (internal quotation marks omitted)) (alteration in original). Certainly the arbitration clause here is susceptible of an interpretation that covers the dispute --- that it covers all disputes "arising under or related to" the service contract and cannot be overridden by the bill of lading. "Moreover, we 'cannot nullify an arbitration clause unless the forum selection clause specifically precludes arbitration.'" *Id.* (quoting *Pers. Sec. & Safety Sys. v. Motorola*, 297 F.3d 388, 396 n.11 (5th Cir. 2002)). The forum selection clause in the bill of lading, Clause 26, does not specifically preclude arbitration, nor does Clause 7 provide a "positive assurance" that this dispute is not governed by the arbitration provision. *Id.* We therefore find that the parties are bound to arbitrate their cargo damage claim.

In its cross-appeal, Kelso asks us to review the decision of the district court on the choice of law question, arguing that the applicability of COGSA is a question that must be left to the arbitrator under the strictures of the Federal Arbitration Act. Kelso Br. 24 (citing *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 541 (1995)). We need not reach the merits of this issue, however, because Kelso explicitly requested in its memorandum of law that the district court decide Maersk's motion to dismiss, a decision necessarily requiring a COGSA analysis, before considering Kelso's motion to compel arbitration:

> Based on the request by Maersk's counsel to proceed in this Court, Kelso has not further pursued the arbitration commenced on the same day as this action. Maersk has failed to appoint its arbitrator as required by the Service Contract and is in default.

4

> However, if the Court finds that Kelso's action may not proceed further in this Court, Kelso respectfully cross-moves to compel arbitration based on the broad arbitration clause in the Service Contract and to stay this proceeding pending such arbitration.

After the order, moreover, Kelso did not move for reconsideration or otherwise make its concern about the COGSA decision known to the district court. The "error . . . alleged now was induced by appellant's position below and hence it cannot complain." *Dir. Gen. of India Supply Mission v. S.S. Maru,* 459 F.2d 1370, 1377 (2d Cir. 1972); *see also van Nijenhoff v. Bantry Transp. Co.*, 791 F.2d 26, 28 (2d Cir. 1986) (refusing to "allow appellant to try the case anew on a theory steadfastly avoided until after the verdict" for strategic reasons); *Remington Rand, Inc. v. United States*, 202 F.2d 276, 278 (2d Cir. 1953) ("A party may not secure a reversal resulting in prolonging the litigation by reliance upon an error for which it was responsible."). Because Kelso induced the alleged error it now protests, we decline to review it at Kelso's urging.

We have considered all of the parties' remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby affirmed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5